STATE *ex relat.* GEORGE A. CUMMINGS *vs.* C. FRED CRAWFORD.

The position of fire ward in a fire district is not a " civil office," within the meaning of Art. 9, § 1, of the Constitution of Rhode Island, which provides : " No person shall be eligible to any civil office . . . unless he is a qualified elector for such office."
What makes a " civil officer."

QUO WARRANTO.

*February* 24, 1891. STINESS, J. The information sets out that at the annual meeting of the Central Falls Fire District, January 5, 1891, the respondent was elected first member of the board of fire wards ; but was ineligible for such election because he was not at that time a qualified elector in said fire district. Art. 9, § 1, of the constitution provides : " No person shall be eligible to any civil office, except the office of school committee, unless he is a qualified elector for such office." The question then is, whether a member of the board of fire wards of said district is a civil office. The fire district was incorporated, October, 1847, for the purpose of providing apparatus for extinguishing fires. The charter gives the right to vote to the taxable inhabitants of the district, and says : The " officers shall consist of a moderator, clerk, treasurer, three assessors, and a collector of taxes, whose duties and powers within said district shall be such as like officers have in their respective towns. They may also elect fire wards and presidents of fire wards." A corporation of this character was held to be a public or *quasi* municipal corporation in *Cole* v. *Fire Engine Co.* 12 R. I. 202. See, also, *State* v. *The District of Narragansett*, 16 R. I. 424. But it does not follow that all its officers and agents hold a civil office. It is a special and limited corporation for special and limited purposes. Only the taxable inhabitants of the district are admitted as members of the corporation ; for by the charter these only are eligible to vote and to act in its meetings. As originally created it was a fire company,

with power to levy taxes within the district for fire purposes, in order to divide the expense among those needing and receiving protection ; and also with power to enforce obedience to fire wards, in time of fire, in order to prevent an interference with their duties and to preserve order. These powers were evidently conferred to effectuate the purpose of the corporation; but they do not change the restricted character of the corporation itself, nor so enlarge its scope as to make its agents civil officers. Under the charter and by-laws, the fire wards have command of the fire department. They are its chief engineers ; their duties relate wholly to the extinguishment of fires, and the care of the apparatus. As was said of this class of officers in *People* v. *Pinckney*, 32 N. Y. 377: " Officers they were in respect to their relations to the subordinate members of the fire department, and in the sense in which that term is used to indicate that relation, but never in the civil and public sense in which it is used in the constitution."

In *Sheboygan Co.* v. *Parker*, 3 Wall, 93, Judge Grier said : " An officer of the county is one by whom the county performs its usual political functions; its functions of government; hence commissioners to whom a special authority had been given to issue bonds in behalf of a county were held not to be county officers." In *The United States* v. *Hatch*, 1 Pinney, Wisc. 182, the term " civil officers " was said to embrace only those in whom a portion of the sovereignty is vested, or to whom the enforcement of municipal regulations or the control of the general interest of society is confided ; and hence that it did not include commissioners to build a canal. In *State of Wisconsin* v. *Meyers*, 52 Wisc. 628, commissioners to equalize valuations of taxable property in certain cases were held not to be officers, because of the limited functions of the board to do a specific act. In *Olmstead* v. *Mayor, &c. of New York*, 42 N. Y. Superior Ct. 481, a landscape architect, employed by the department of public parks, was held not to be an officer, because of the lack of a definite tenure.

The terms " office " and " officer " have been frequently defined. See cases cited in Lawson's Concordance of Words and Phrases. There is a common agreement that a civil officer has the characteristics of tenure, of definite term, of general duties as a part of the regular administration of the government, of right to emoluments, and of qualification by oath.

The respondent's office lacks all of these. The corporation is not required to appoint fire wards. It may do so, or refuse to do so; and if one, or more, goes out of office, from any cause, there is no vacancy, as there is no fixed number in the board. The office has no stated term either in charter or by-law. The duties pertaining to it are simply occasional and emergent, with such incidental powers as are necessary for their performance. There are no fees or emoluments attached to the office, and no oath of office is required to be taken.

It is urged that powers are given to the fire wards which can only be intrusted to officers. The charter gives them authority to demolish buildings, if necessary, to stop the progress of a fire. But this may be done by an individual or any officer independently of statute. 2 Dillon on Municipal Corporations, § 756. This charter makes the district liable if its agents destroy property without necessity. Amendments were made to the charter down to January, 1882, extending the powers of the district to lighting streets, supplying water, maintaining police, and establishing a public library. In none of these amendments, however, were the duties of fire wards at all changed or affected. In January, 1883, an act was passed which provides that the list of those entitled to vote at the meetings shall be made up by the fire wards from the town voting list, with such others, not on the town list, as are qualified to vote, by reason of being taxable inhabitants of the district. This, it may be claimed, involves a canvassing power which can only be exercised by officers.

We need not decide whether this is a discretionary function, or the mere ministerial duty of transferring for convenience or use, from the town list to a list by themselves, the names of the taxable inhabitants within the district, with such others as may be on the tax roll, but not on the voting list. It is enough for this case to say that if it be a duty which must be performed by officers, the fire wards are not, *ipso facto*, made civil officers by the act, if they are not otherwise civil officers. Their character and status is not changed by putting upon them a duty which they would have no right to perform. The nature of their office is to be determined by its original constitution. From the consideration we have given to the origin of the office, we think it is clear the

respondent in holding the office of fire ward does not hold a civil office ; and hence that he was not illegally elected to it by reason of the fact that he was not a qualified voter in the fire district.

*Information dismissed.*

*Charles E. Gorman,* for relator.

*Edward D. Bassett & John E. Goldsworthy,* for respondent.